## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASTB, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff | ) ) | No. 06-mc-141-KAJ |
| v. | ) ) | |
| TIMESHARE BEAT, INC., ROD HACKMAN, individually and as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and as an officer of Timeshare Beat, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

### EX PARTE MOTION FOR ISSUANCE OF GARNISHEE SUMMONS

Plaintiff JASTB, LLC, a Delaware Limited Liability Company, by and through its undersigned attorneys, hereby moves this Honorable Court to issue Garnishee Summonses directed to Global Hyatt Corporation, Shell Vacations L.L.C., Fairfield Resorts, Inc. and Starwood Hotels & Resorts (sometimes referred to as "Garnishees").

1.      On November 14, 2005, the United States District Court for the District of Hawaii entered Final Judgment against Defendants TIMESHARE BEAT, INC., ROD HACKMAN, individually and as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and as an officer of Timeshare Beat, Inc.

2.      The principal amount of the Final Judgment was the sum of $215,844.61.

3.      The Judgment has been satisfied only partially, by receipt of payments on June 6, 2006 in the amount of $73,221.02, which leaves a principal balance of $142,623.59.

4.      As of the present date, the unpaid principal amount of the Judgment is the sum of $142,623.59, excluding costs and interest.

5.    Interest at six percent per annum has been accruing since the date of the judgment and continues to accrue.  As of September 9, 2006, the amount of the accrued interest was the sum of $9, 465.46.

6.    On July 24, 2006, Plaintiff registered the Judgment in this Honorable Court.

7.    Plaintiff, JASTB, LLC, a Delaware limited liability company, is the assignee and holder of the Final Judgment.

8.    Plaintiff respectfully requests this Honorable Court to issue Garnishee Summonses to Global Hyatt Corporation, Shell Vacations L.L.C., Fairfield Resorts, Inc. and Starwood Hotels & Resorts, and direct each of the Garnishees appear and disclose under oath whether the Garnishee: (1) Has any monies, funds, wages, fees, income, rent, dividends, interest, charges, goods, stocks, bonds, or other property or effects that, directly or indirectly, belong to the Defendants or any of the Defendants; or (2) is indebted to any one or more, or all, of the Defendants, for any fees, wages, income, rent, dividends, interest, charges, or otherwise; and if so, that the Garnishee be directed to disclose the nature, amount and value thereof, and to hold and secure therefrom, and from any such amounts that come into Garnishee's possession or for which the Garnishee becomes indebted to any of the Defendants after service of the Garnishee Summons, an amount of money, which shall not exceed the unpaid principal amount of the Judgment, plus accrued interest, in favor of Plaintiff, JASTB, LLC, a Delaware Limited Liability Company.

9.    This Motion is based upon Federal Rule of Civil Procedure Rule 69(a) and Rule 5 of the Delaware Superior Court Rules of Civil Procedure, the records and files herein, and the attached Declaration.

10.    Federal Rule of Civil Procedure Rule 69(a) provides:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."

11.    Rule 5(2) of the Delaware Superior Court Rules of Civil Procedure provides, in pertinent part:

"Appearance of Garnishee: … Any garnishee duly summoned (either on mesne writ of attachment or execution process) shall serve upon plaintiff a verified answer within 20 days after service of process, which shall specify what goods, chattels, rights, credits, money or effects of a defendant, if any, the garnishee has in its possession or custody. Within 10 days after service of such answer, plaintiff may serve exceptions thereto, and the proceedings on the issues thus raised shall be had as in actions commenced by summons. If no exceptions are filed by plaintiff to garnishee's answer within the 10 day period as aforesaid, a delivery to the sheriff of the property set forth in the answer by the garnishee, or so much of it as shall satisfy plaintiff's demand, shall be a complete discharge of the garnishee in the proceedings, and the sheriff shall make a suitable supplemental return on the writ showing the property which has been delivered to the sheriff by the garnishee, and shall hold such property subject to the order of the Court. Unless the garnishee delivers such property to the sheriff within 5 days after the expiration of the 10 day period for plaintiff's exceptions, if any, the sheriff shall on the order of the court physically seize any property subject to seizure, and with respect to any property set forth in the answer, which is not seized or delivered to the sheriff, the plaintiff on motion may have personal judgment entered against garnishee in favor of plaintiff in an amount equal to the value of the property of defendant in garnishee's custody or possession, or the amount of the plaintiff's judgment, whichever is less, with interest and costs. Before the sheriff shall serve any writ of attachment, the sheriff shall receive from the plaintiff the sum of $20 for each party to be summoned as

garnishee (except as to garnishment covered by the terms of 10 Del.C. § 4913) and said sum shall be delivered to each garnishee when the summons is served; the return on the writ of garnishment will show the garnishee fee paid, which will be taxed as costs in the case; no garnishee will be required to answer without first having received the garnishee fee as aforesaid."

12.     The foregoing Rule 5(2) of the Delaware Superior Court Rules of Civil Procedure, by its terms, is limited by 10 Del.C. § 4913, which provides: "Eighty-five percent of the amount of the wages for labor or service of any person residing within the State shall be exempt from mesne attachment process and execution attachment process under the laws of this State ...."

13.     Under Delaware law, except when specifically exempted by statute, all property may be seized and sold upon judgment and execution obtained. See Norman v. Goldman, 54 Del. 45, 173 A.2d 607 (1961).

14.     The judgment has been duly registered in the State of Delaware and each of the Garnishees is a corporation or other business entity that is a citizen of the State of Delaware, because it is organized and existing under the laws of Delaware and is subject to service of process in Delaware by virtue of having appointed a registered agent in Delaware.

15.     Attached and marked as Exhibit "A" is the form of Garnishee Summons.

WHEREFORE, the Plaintiff hereby moves this Honorable Court to grant this Motion, and the Plaintiff requests that this Honorable Court grant such other relief as it deems just.

TUPITZA & BRYMAN, P.C.

Dated: September 8, 2006              By: Jeffrey P. Bryman
                                      Penna. Bar No. 40164
                                      212 West Gay Street
                                      West Chester, PA  19380
                                      (610) 696-2600
                                      Attorneys for Plaintiff

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASTB, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff | ) ) | No. 06-mc-141-KAJ |
| v. | ) ) | |
| TIMESHARE BEAT, INC., ROD HACKMAN, individually and as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and as an officer of Timeshare Beat, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

### GARNISHEE SUMMONS

TO:  ANY OFFICER IN DELAWARE AUTHORIZED TO MAKE SERVICE

You are commanded to serve and leave a true and attested copy of this Summons and

Order with the above-named Garnishee at the following address:

Global Hyatt Corporation
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808 [1]



---

[1] The name and registered agent's address of each respective Garnishee will appear here.

You, As Garnishee, are hereby SUMMONED and required to appear personally before the Honorable Kent A. Jordan, U.S. District Court of Delaware, in Courtroom ____, in the J. Caleb Boggs Federal Building, 844 King Street Wilmington, Delaware 19801, at _____a.m./p.m., on _____, 200_.

**OR, ALTERNATIVELY**, you are ORDERED to file a written disclosure in the about entitled Court, and serve a copy on the Plaintiff's counsel within twenty (20) days after service of this Summons upon you, exclusive of the date of service.

**If you choose to file a disclosure instead of appearing, then your disclosure must be made under Oath, and it must meet the requirements set forth below.**

**Hereinafter, the word "Defendant" shall refer to any one of the following: TIMESHARE BEAT, INC., ROD HACKMAN, individually and/or as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and/or as an officer of Timeshare Beat, Inc.**

**Hereinafter, the word "Defendants" shall refer to all of the following: TIMESHARE BEAT, INC., ROD HACKMAN, individually and/or as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and/or as an officer of Timeshare Beat, Inc.**

If you possess, or at or since the time of service of this Garnishee Summons upon you, you possessed, any monies, funds, wages, fees, income, rent, dividends, interest, charges, goods, stocks, bonds, or other property or effects that, directly or indirectly, belong to the Defendants or any of them, then your disclosure must state the nature, amount and value thereof, and your are HEREBY ORERED to hold and secure therefrom, and from any of the same that come into your possession after service of this Summons, and until further order by this Court, an amount of

2

money, which shall not exceed the unpaid principal amount of the Judgment and interest accrued

thereon, in favor of Plaintiff, JASTB, LLC, a Delaware Limited Liability Company.

If you are, or on or at any time since the date of service of this Garnishee Summons were,

indebted to the Defendants or any of them, for any fees, wages, income, rent, dividends, interest,

charges, or otherwise, and, if so, then your disclosure must state the nature, amount and value

thereof, and your are HEREBY ORERED to hold and secure from the amount owed, and from

any amount for which you become indebted to any of them after service of this Summons, until

further order by this Court, an amount of money, which shall not exceed the unpaid principal

amount of the Judgment and interest accrued thereon, in favor of Plaintiff, JASTB, LLC, a

Delaware Limited Liability Company.

If your debt to either of the individual Defendants is for wages, then in accordance with

10 Del. Code. Section 4913, eighty-five percent (85%) of the amount of the wages are exempt

from garnishment, if such Defendant resided in the State of Delaware at the time he or she

performed the labor or services for which the wages are owed.

As of September 9, 2006, the unpaid amount of the Judgment including interest, but

excluding costs, is the sum of $152,089.05,[2] excluding costs.

See GARNISHEE INFORMATION, attached hereto, for applicable restrictions.

DATED:  This _____ day of _____ _____, 2006, Wilmington, Delaware.


_____
JUDGE OF THE ABOVE-ENTITLED COURT

---

[2] The current amount with interest at the time the Summons is delivered to the United States Marshall will appear here.

## GARNISHEE INFORMATION

MAKING A DISCLOSURE:  A DISCLOSURE is a Statement by you as to whether you possess any money, funds, wages, fees, income, rent, dividends, interest, charges, goods, stocks, bonds, or other property or effects that is due to the DEFENDANTS, or any of the DEFENDANTS, that can be garnished.  This can be done by filing with the Court and sending to the Plaintiff's attorney, a Statement indicating the same.

FINAL PAYMENT:  Prior to making the final payment of any monies that you might owe to any of the DEFENDANTS, you should contact the Plaintiff's attorney in order to obtain the final payoff amount.

AMERICANS WITH DISABILITIES ACT:  In accordance with the Americans with Disabilities Act if you require an accommodation or assistance, please contact the District Court Administration Office at 302-573-6176 at least ten (10) working days in advance of your hearing or appointment date.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JASTB, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. 06-mc-141-KAJ |
| v. | ) ) | |
| TIMESHARE BEAT, INC., ROD HACKMAN, individually and as an officer of Timeshare Beat, Inc. and ANDREA HACKMAN, individually and as an officer of Timeshare Beat, Inc., | ) ) ) ) ) | |
| Defendants. | | |

**O R D E R**

AND NOW, this _____ day of _____, 2006, upon consideration of the Plaintiff's Ex Parte Motion for Issuance of Garnishee Summons, it is hereby ORDERED that the Motion is Granted and that the Garnishee Summons be issued to the Garnishees identified in the Motion, that is Global Hyatt Corporation, Shell Vacations L.L.C., Fairfield Resorts, Inc. and Starwood Hotels & Resorts.

_____
United States District Judge